UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

KHALIL-ULLAH ABDUL al-MUHAYMIN, )
)
Petitioner, )
)
v. ) No. 1:10-cv-00107
) Judge Haynes
JAMES FORTNER, WARDEN, )
)
Respondent. )

## MEMORANDUM

Pending before the Court is a *pro se* prisoner petition brought under 28 U.S.C. § 2241. (Docket No. 1). The Petitioner is an inmate at the Turney Center Industrial Complex in Only, Tennessee.

The crux of the Petitioner's § 2241 petition is that he is not being permitted to participate in certain pre-release classes or re-entry and/or transition programs while incarcerated. (Docket No. 1). The Petitioner alleges that, in December 2009, the Tennessee Department of Corrections ("TDOC") "reclassified" the Petitioner, which resulted in the Petitioner's placement at the Turney Center Industrial Complex, where the programs in which the Petitioner desires to participate are not offered. (*Id.* at p.1). The Petitioner seeks to be transferred to the Charles Bass Correctional Complex Annex, where the desired programs are offered. (*Id.*)

Title 28 U.S.C. § 2241 generally is used to challenge the execution of a sentence, or the manner in which a sentence is being served. *Muhammad Ali v. Tennessee Board of Pardon and Paroles*, 431 F.3d 896, 896 (6th Cir. 2006). Claims cognizable under § 2241 generally pertain to claims such as the computation of parole or sentencing credits. *Cohen v. United States*, 593 F.2d

1

766, 770-771 (6th Cir. 1979). Relief under § 2241 is available where a petitioner has been denied his rights under the Constitution and/or laws of the United States. *Id.* at (c)(3).

The Petitioner claims that his inability to participate in the above-mentioned programs violates the Petitioner's Fifth and Fourteenth Amendment rights. (Docket No. 1 at p. 1). However, prisoners have no constitutionally cognizable right to participate in rehabilitative or educational programs. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Kenner v. Martin*, 648 F.2d 1080, 1081 (6th Cir. 1981)(*per curiam*); *Carter v. Corrs. Corp. of Am.*, No. 98-6336, 1999 WL 427352, at *1 (6th Cir. June 15, 1999). Because the Petitioner has no constitutional right to participate in any rehabilitative or educational programs, the Petitioner is not entitled to *habeas corpus* relief on this ground.

The Petitioner also challenges TDOC's classification of the Petitioner and the result of that classification, being that the Petitioner was transferred to a different facility that is less desirable to the Petitioner. Even assuming that the Petitioner has administratively exhausted this claim,[1] "a prisoner does not have a constitutional right to be placed in a specific security classification." *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004). Moreover, the Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility. *Watkins v. Curtin*, No. 1:05-cv-267, 2005 WL 1189602, at *2 (W.D. Mich. May 19, 2005) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976)). Because the Petitioner has no liberty interest in a particular

---

[1] A federal inmate seeking habeas corpus relief must exhaust his administrative remedies before filing a petition under 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981).

security level or classification, he is not entitled to *habeas corpus* relief on this ground. *See Mader v. Sanders,* 667 F. App'x 869, 871 (6th Cir. 2003)(prisoner had not due process liberty interest in his placement and classification while incarcerated, thus, prisoner's due process rights were not violated by BOP's refusal to transfer him to another facility with other inmates that had the same custody classification).

In addition to the Petitioner's allegations discussed above, the Petitioner also challenges the conditions under which he is serving his sentence. For example, the Petitioner alleges that his mail is being censored, that the Petitioner has been denied meaningful access to the courts, that the facility's law library is inadequate, and that the Petitioner is being discriminated and retaliated against because of his Muslim religion. (Docket No. 1 at p.2).

However, challenges to the conditions of a prisoner's confinement such as those raised by the Petitioner fall outside the ambit of *habeas corpus* and should be brought under 42 U.S.C. § 1983. *See Nelson v. Campbell,* 541 U.S. 637, 643 (2004); *Muhammed v. Close,* 540 U.S. 749, 750 (2004); *Preiser v. Rodriguez,* 411 U.S. 475 (1973); *Dotson v. Wilkerson,* 329 F.3d 463, 466 (6th Cir. 2003). The Court may not recharacterize the Petitioner's *habeas corpus* petition as a complaint under § 1983. *See Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004). Instead, the Court is required to "dismiss[] the petition without prejudice to allow [the petitioner] to raise his potential civil rights claims properly as a § 1983 action." *Id.* The Petitioner is advised that the filing fee for civil action in federal court is three hundred fifty dollars ($350.00), although a prisoner who qualifies for pauper status is permitted to remit installment payments on the filing fee.

For the reasons explained above, the petitioner is not entitled to *habeas corpus* relief under § 2241. Accordingly, the petition will be denied. Rule 8, Rules – Section 2254 Cases.[2] As to the Petitioner's claims that were pursued properly by way of his petition for relief under § 2241, those claims will be dismissed with prejudice. As to the Petitioner's potential civil rights claims, those claims will be dismissed without prejudice to allow the Petitioner to raise his potential civil rights claims as a § 1983 action, if he so desires.[3]

An appropriate Order will enter.

**ENTERED** this the _16th_ day of December, 2010.

                                             William J. Haynes, Jr.
                                             United States District Judge

---

[2] The rules pertaining to § 2254 cases are applicable to requests for *habeas corpus* relief brought pursuant to 28 U.S.C. § 2241. Rule 1(b), Rules – § 2254 Cases.

[3] The Court makes no representations as to the expiration of any applicable statute of limitations pertaining to civil rights claims.